# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2080

_____

| | | |
|---|---|---|
| Larry Ball; Steven Baltzley; | * | |
| Vincent A. Bejarano, Named as: | * | |
| Vincent Berjarano; Michael Bell; | * | |
| Larry Benz; Michael Bolten; Terry | * | |
| Boobyer; Dennis Brummett; Melvern | * | |
| Butts; Luther Carey; Marvin Cason; | * | |
| Robert A. Cerretti, Named as:  Robert | * | |
| Cerretti; Michael D. Chance, Named | * | |
| as:  Michael Chance; Michael L. | * | |
| Cosner, Named as Michael Cosner; | * | |
| James Couch; James Cruchelow; | * | |
| Kenneth Cruchelow; Larry E. Culver, | * | Appeal from the United States |
| Named as:  Larry Culver; Robert | * | District Court for the Southern |
| Dale; Richard Dolan; Kevin Ensley; | * | District of Iowa. |
| John Flynn; Ronald Gilbert; James | * | |
| Griffin; Virgil Grimm; Kenneth | * | [PUBLISHED] |
| Hagen, Sr.; Harold B. Hathaway, | * | |
| Named as:  Harold Hathaway; | * | |
| Michael Heinen; James Hook; | * | |
| Harvey Hunter, Sr.; Gary Jenkins; | * | |
| Richard Keeling; Thomas King; | * | |
| Ronald Leib; Gary D. Loomis, Named | * | |
| as:  Gary Loomis; William Lynch; | * | |
| Daniel Maldonado; Michael Marquis; | * | |
| Robert E. McPherson, Named as: | * | |
| Robert McPherson; David McElvogue; | * | |
| Marcus Mireles; Gary Mobley; Dana | * | |
| Mongar; Clyde Parker; John Patton; | * | |
| James Praska; Lloyd Putney; Lee | * | |
| Reinholdt; Thomas Roach; Richard | * | |
| Shafer; Bruce Sheets; Donald Somers; | * | |

Donald Van Hal; Joseph Vincent;          *
Richard W. West, Named as:  Richard      *
West; Kevin White; Dennis V.             *
Wicker, Named as:  Dennis Wicker;        *
Kareny Williamson,                       *
                                         *
                    Appellants,          *
                                         *
          v.                             *
                                         *
Maurice Taylor, Jr.,                     *
                                         *
                    Appellee.            *

_____

Submitted:  May 9, 2005
    Filed:   July 29, 2005

_____

Before BENTON, LAY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Maurice Taylor, Jr., a principal in Titan Tire Corporation, Titan Wheel Corporation, and Titan International, Inc. (collectively Titan) held a press conference and announced Titan was filing a RICO lawsuit against the United Steelworkers of America, local unions, and about one hundred employees who had filed fraudulent disability claims for hearing loss.  Taylor announced, "You have a situation here in Des Moines . . . when the strike started . . . over one hundred people filed disability for their hearing.  It was fraudulent."  Taylor handed out copies of the RICO lawsuit, which specified the names, places of residence, and positions of the employees, and which alleged the employees had committed mail fraud by sending their fraudulent claims through the mail.  A news article about the lawsuit appeared in the local paper, but did not identify the employees.

Fifty-eight of the employees then filed this action in Iowa state court alleging Taylor defamed them. Taylor removed the action to federal court and filed a motion for summary judgment alleging the group defamation doctrine precluded the employees' lawsuit. Taylor argued the defamatory statements were directed at a group rather than individual employees and the defamatory statements did not have any particular application to any of the employees. The district court granted summary judgment to Taylor, holding the employees could not prevail on their claims as a matter of law. According to the district court, the group defamation doctrine precluded recovery because Taylor had not verbally named the employees individually at the press conference. The employees appeal, and we reverse and remand.

The employees contend the district court improperly granted summary judgment based on the group defamation doctrine. Specifically, the employees argue the Iowa Supreme Court has not adopted the doctrine, and even if it would, an exception applies. The group defamation doctrine states that a plaintiff's membership in a defamed group does not give rise to an individual cause of action for defamation unless, as relevant here, "the circumstances of publication reasonably give rise to the conclusion that there is particular reference to the member." Restatement (Second) of Torts § 564A (1977).

We need not predict whether the Iowa Supreme Court would adopt the doctrine because we believe the quoted exception applies in this case, and thus the district court improperly granted summary judgment based on the doctrine. In any event, Iowa law, which the parties agree controls in this diversity action, see Midwest Oilseeds, Inc. v. Limagrain Genetics Corp., 387 F.3d 705, 711 (8th Cir. 2004), is consistent with the doctrine's exception and precludes summary judgment for Taylor. To establish a prima facie case of defamation under Iowa law, the plaintiff must show the defendant "(1) published a statement that was (2) defamatory (3) of and concerning the plaintiff." Taggart v. Drake Univ., 549 N.W.2d 796, 802 (Iowa 1996).

The Iowa Supreme Court has interpreted the third element in a manner consistent with the group defamation exception: Although defamatory words must refer to an ascertainable person, the plaintiff need not be named "'if the alleged libel contains matters of description or other references therein, or the extraneous facts and circumstances . . . show that plaintiff was intended to be the object of the alleged libel, and was so understood by others.'" Wisner v. Nichols, 143 N.W. 1020, 1025 (Iowa 1913).

Here, Taylor's statements and actions at the press conference could reasonably be understood to be of and concerning each employee. Although Taylor did not state the employees names individually, he referred to them as a group, stated he was suing them because they had committed fraud, then handed his audience copies of the complaint, which identified the individual employees by name in the caption and contained their names, addresses, and positions in an appendix. These circumstances reasonably give rise to the conclusion that Taylor's oral statement specifically referenced each of the employees. See Restatement (Second) of Torts § 564A; Wisner, 143 N.W. at 1025. Unlike the situation in the case relied on by the district court, those listening to Taylor could easily ascertain the identities of the group members by simply glancing at the document handed to them. See Alexis v. District of Columbia, 77 F. Supp. 2d 35, 42 (D.D.C. 1999) (not clearly established for purpose of qualified immunity that group of over one hundred terminated employees allegedly defamed at press conference were sufficiently named and identified by posting of list of their names on worksite door for security personnel).

Because Taylor specifically referred to the employees at the press conference by distributing the complaint containing their names, we reverse the grant of summary judgment for Taylor.

_____

-4-