# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1962

_____

| | | |
|---|---|---|
| Dennis Brummett, et al., | * | |
| | * | |
| Plaintiffs - Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Maurice Taylor, Jr., | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: February 12, 2009
Filed: June 30, 2009

_____

Before LOKEN, Chief Judge, MELLOY and BENTON, Circuit Judges.

_____

LOKEN, Chief Judge.

During a protracted labor dispute between Titan International, Inc. ("Titan"), and the United Steelworkers of America involving plants in several States, Titan filed a federal racketeering lawsuit against the Steelworkers and 130 union members in an Illinois district court. The next day, Titan's President, Maurice Taylor, Jr., held press conferences at the various plant locations. In Des Moines, Iowa, where Steelworkers Local 164 was on strike at the Titan plant, Taylor distributed copies of the federal court Complaint. His remarks at the lengthy press conference included:

> . . . in Des Moines . . . when the strike started you had over [one] hundred people file [worker's compensation] disability [claims] for

hearing [loss]. It was fraudulent. It was filed now the moment that they do that what happens to you is that you have to you reserve for that. The union knew this. So what they do they try to bankrupt you. Now it's all false and then they did it by mail so that's mail fraud. The criminal acts that were committed are all documented in [the Complaint].

Taylor did not mention any of these workers by name, but Titan's Complaint listed the individual defendants by name, address, and position at Titan. The next day, the Des Moines Register published a news story reporting that the charges in Titan's Complaint included, "Committing mail fraud by using the mail to file allegedly false worker compensation claims." Portions of Taylor's press conference were also broadcast on local television news. No media report identified by name any of the workers that Titan had sued.

Two years later, some sixty of the employees Titan sued commenced this action in Iowa state court, alleging that Taylor defamed them at the press conference. Taylor removed the action. The district court granted summary judgment, concluding that the group defamation doctrine precludes recovery because Taylor did not name individual employees at the press conference. See generally Restatement (Second) of Torts § 564A (1977). Plaintiffs appealed, and we reversed. Relying on Wisner v. Nichols, 143 N.W. 1020 (Iowa 1913), we concluded that "Taylor's statements and actions at the press conference could reasonably be understood to be of and concerning each employee," and "those listening to Taylor could easily ascertain the identities of the group members by simply glancing at the document handed to them." Ball v. Taylor, 416 F.3d 915, 917-18 (8th Cir. 2005).

On remand, the claims of twenty plaintiffs who had not settled or dismissed were tried. The jury found Taylor liable and awarded compensatory and punitive damages to each plaintiff. Taylor filed a motion for judgment as a matter of law or,

in the alternative, a new trial. The district court[1] granted judgment as a matter of law on alternative grounds -- there was insufficient evidence (i) of injury to plaintiffs' reputations, and (ii) that Taylor made the statements in question "of and concerning" each plaintiff. Plaintiffs appeal. Reviewing the grant of judgment as a matter of law *de novo*, we agree with the court's second ground and therefore affirm without considering the first. See Anderson v. Indep. Sch. Dist., 357 F.3d 806, 809 (8th Cir. 2004) (standard of review); Fed. R. Civ. P. 50(a).

To establish a prima facie case of defamation under Iowa law, each plaintiff must prove that Taylor "(1) published a statement that was (2) defamatory (3) of and concerning the plaintiff." Ball, 416 F.3d at 917 (quotation omitted). This appeal concerns the third element, in the context of a general statement about a large group of people that would be defamatory, we are assuming, if directed at an individual person. In Ball, we concluded that the Supreme Court of Iowa had addressed this issue in an older case, and we adopted that decision's standard of proof:

> Although defamatory words must refer to an ascertainable person, the plaintiff need not be named "'if the alleged libel contains matters of description or other references therein, or the extraneous facts and circumstances . . . show that plaintiff was intended to be the object of the alleged libel, and was so understood by others.'" Wisner v. Nichols, 165 Iowa 15, 143 N.W. 1020, 1025 (Iowa 1913).

416 F.3d at 917. On remand, applying this standard to the trial record, the district court granted judgment as a matter of law in favor of Taylor, explaining:

> Based on the record and the standard laid out in *Wisner*, as interpreted by the Eighth Circuit, plaintiffs have not established that Taylor's statements were "of and concerning each [plaintiff]." While the

---

[1]The HONORABLE RONALD E. LONGSTAFF, United States District Judge for the Southern District of Iowa.

record is clear that plaintiffs were among those *intended* to be the object of Taylor's statements, there is no evidence to support a finding that the recipients of Taylor's publication *understood* each individual plaintiff to be the intended object of Taylor's statements. . . . *[S]ee also* Restatement (Second) of Torts § 564, cmt. a ("It is necessary that the recipient of the defamatory communication understand it as intended to refer to the plaintiff."). Viewing the evidence in the light most favorable to plaintiffs, there is insufficient evidence in the record to establish that anyone in Taylor's audience understood the individual plaintiffs to be the object of his statements. (Emphasis in original.)

On appeal, plaintiffs argue that the district court's ruling "is contrary to this Court's holding in <u>Ball</u>." We disagree. In <u>Wisner</u>, the Supreme Court of Iowa reversed the dismissal of a libel complaint because plaintiff sufficiently *alleged* that a newspaper article defaming "the Wisner Estate" "was intended to and was understood by the reader as having direct application to plaintiff," the owner of the Estate. 143 N.W. at 1025. Applying this standard of pleading and proof from <u>Wisner</u>, we held in <u>Ball</u> that Taylor's statements "*could* reasonably be understood to be of and concerning each employee," because his listeners "*could* easily ascertain the identities of the group members." 416 F.3d at 917-18 (emphasis added). We reversed the grant of summary judgment on this issue, clearly leaving it open for the parties to prove or disprove at trial. Accordingly, the district court's Instruction No. 15, to which plaintiffs did not object, required proof that "the allegedly defamatory statements . . . or the extraneous facts and circumstances show that plaintiff was intended to be the object of the alleged libel, *and was so understood by others*." (Emphasis added.)

Having carefully reviewed the trial court record, we agree with the district court that plaintiffs presented insufficient evidence "to establish that anyone in Taylor's audience understood the individual plaintiffs to be the object of his statements." The judgment of the district court is affirmed. <u>See</u> 8th Cir. Rule 47B.

_____